UNITED STATES DISTRICT COURT    JUDGE GETTLEMAN
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION    MAGISTRATE JUDGE VALDEZ

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **Under Seal** |
| | ) |
| v. | ) No. **07CR    755** |
| | ) |
| JAROSLAVA KLEPLOVA and | ) Violations: Title 18, United States |
| KRZYSZTOF RADZEWICZ | ) Code, Sections 1341 and 2 |

**COUNT ONE**

**FILED**

The SPECIAL JUNE 2007 GRAND JURY charges:

NOV 1 5 2007
November 15, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1.    At times material to this indictment:

    a.    Aliens arriving in or already physically present in the United States were eligible to apply for asylum. To apply for asylum from within the United States, an alien was required to file an "Application for Asylum and for Withholding of Removal" (also known as a "Form I-589") within one year of the alien's arrival in the United States with: (1) the U.S. Immigration and Naturalization Service ("INS"), if the application was filed prior to March 2003; (2) the U.S. Citizenship and Immigration Services ("CIS"), if the application was filed in or after March 2003; and (3) with an immigration court if the alien had pending removal proceedings regardless of the application's filing date.

    b.    If an alien failed to file a Form I-589 within one year of arriving in the United States, the alien could still apply for asylum if there were changed circumstances that materially affected the alien's eligibility for asylum, or extraordinary circumstances directly related to the alien's failure to file within one year.

    c.    The United States government had the sole authority to determine whether an alien would be granted asylum in the United States.

d.    The United Nations High Commissioner for Refugees ("UNHCR") did not have the authority to grant aliens asylum in the United States.

e.    Liberal Syndicate Incorporated ("LSI") was a corporation registered in the State of Illinois, which held itself out to the public as a provider of immigration assistance services. LSI maintained an office, at various times, at the following addresses in Chicago: (i) 3034 N. Milwaukee Avenue; (ii) 7047 N. Milwaukee Avenue; and (iii) 5000 W. Addison Street. LSI's president was defendant JAROSLAVA KLEPLOVA, and its corporate secretary and registered agent was defendant KRZYSZTOF RADZEWICZ, who also held the title of vice president.

f.    Individuals A through I were clients of LSI. In addition, Individuals A through I were all Czech nationals who were either unlawfully present in the United States, or were present in the United States pursuant to a visa which permitted them to remain in the United States for a period of six months.

2.    Beginning no later than in or around August 2002, and continuing to at least March 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAROSLAVA KLEPLOVA and
KRZYSZTOF RADZEWICZ,

defendants herein, knowingly devised, intended to devise, and participated in a scheme to defraud and obtain money from individuals who were seeking lawful immigration status in the United States, by means of materially false and fraudulent pretenses, representations, promises, and omissions, which scheme is further described in the following paragraphs.

3.    It was part of the scheme that defendants KLEPLOVA and RADZEWICZ, acting through LSI, advertised through flyers and by word-of-mouth that they offered immigration related services to Czech nationals who wished to obtain lawful immigration status in the United States.

4.    It was further part of the scheme that defendants KLEPLOVA and RADZEWICZ met with Czech nationals (hereinafter, "clients"), including Individuals A through I, who the defendants knew were either unlawfully present in the United States, or who the defendants knew were in the United States pursuant to visas which permitted them to remain in the United States for a period of six months. The defendants also knew that the clients, including Individuals A through I, were seeking assistance with obtaining lawful permanent immigration status in the United States. The defendants' meetings with clients occurred at LSI's office located in Chicago.

5.    It was further part of the scheme that defendant KLEPLOVA made certain false promises to LSI's clients. Specifically, KLEPLOVA told clients, including Individuals A through I, that, in exchange for fees ranging from approximately $2,500 to $4,500 per person, LSI would obtain political asylum for them. KLEPLOVA also made the following false promises to clients: (a) LSI would complete all of the procedures necessary for the clients to obtain asylum; (b) LSI would obtain social security cards and authorization to work lawfully in the United States for the clients within a few months to a year; and (c) LSI would obtain legal permanent residency (or "green cards") for the clients within a few months to a year. KLEPLOVA made these false representations and promises, at times, in the presence of defendant RADZEWICZ.

6.    It was further part of the scheme that defendant RADZEWICZ completed, or assisted clients with completing Form I-589s. By completing the Form I-589s for or with clients, RADZEWICZ, who was aware that the forms needed to be sent to either the INS or CIS in order for

3

clients to be considered for asylum, created the appearance that LSI was following the required asylum procedures.

7.    It was further part of the scheme that defendants KLEPLOVA and RADZEWICZ failed to send clients' Form I-589s to either the INS or the CIS, or, if applicable, an immigration court. Instead, the defendants stored the clients' completed Form I-589s in LSI's files and failed to inform clients that they had not sent the clients' asylum applications to the appropriate government entity – the INS, the CIS, or the immigration court.

8.    It was further part of the scheme that defendants KLEPLOVA and RADZEWICZ drafted a letter entitled "CONFIRMATION LETTER," which stated that the client whose name appeared on the letter had submitted an asylum claim.

9.    It was further part of the scheme that defendants KLEPLOVA and RADZEWICZ provided laminated copies of the CONFIRMATION LETTER to clients, including Individuals A, B, C, F, and G. Defendant KLEPLOVA falsely informed clients that possession of the letter would prevent them from being deported if confronted by immigration officials, which representation defendants knew were false.

10.    It was further part of the scheme that defendant KLEPLOVA directed clients to provide her with written statements describing the clients' reasons for seeking asylum. KLEPLOVA made this request of clients at various times throughout the scheme, including in or around July/August 2004, when she asked Individuals D through H to send her copies of such statements. KLEPLOVA made this request for the purpose of creating the appearance that LSI was actively and properly working on its clients' immigration cases.

4

11.    It was further part of the scheme that defendants KLEPLOVA and RADZEWICZ sent clients, including Individuals A, B, and C, copies of mailing receipts and correspondence which purported to document that LSI had sent certain materials to the UNHCR and to the President of the United States for the purpose of further creating the appearance that LSI was actually and properly working on its clients' immigration cases when, in fact, as defendants well knew, such correspondence was not part of the actual asylum application process in the United States.

12.    It was further part of the scheme that defendants KLEPLOVA and RADZEWICZ drafted a letter which contained the following false statement, "ACCORDING TO INTERNATIONAL LAW, OUR OFFICE CAN GUARANTEE YOUR PROTECTION AGAINST EVENTUAL DEPORTATION AND TO ENSURE REFUGEE STATUS" (hereinafter, the "GUARANTEE LETTER"). In or around April 2003, the defendants sent copies of the GUARANTEE LETTER to LSI's clients, including Individuals A, B, and C, in an attempt to lull them into believing that LSI could, in fact, protect them from deportation and obtain asylum on their behalf.

13.    It was further a part of the scheme that defendants concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

14.    On or about April 22, 2003, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAROSLAVA KLEPLOVA and
KRZYSZTOF RADZEWICZ,

5

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, an envelope containing the GUARANTEE LETTER and other documentation, that envelope being addressed to Individual A at Individual A's residence in Wixom, Michigan;

In violation of Title 18, United States Code, Section 1341 and 2.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.    On or about October 18, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAROSLAVA KLEPLOVA and
KRZYSZTOF RADZEWICZ,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, an envelope containing copies of U.S. Mail receipts and delivery confirmations, and documentation concerning asylum, that envelope being addressed to Individual A at Individual A's residence in Wixom, Michigan;

In violation of Title 18, United States Code, Section 1341 and 2.

7

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about April 22, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAROSLAVA KLEPLOVA and<br>
KRZYSZTOF RADZEWICZ,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, an envelope containing the GUARANTEE LETTER and other documentation, that envelope being addressed to Individual C at Individual C's residence in Warren, Michigan;

In violation of Title 18, United States Code, Section 1341 and 2.

## COUNT FOUR

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.        The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.        On or about July 19, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

JAROSLAVA KLEPLOVA and
KRZYSZTOF RADZEWICZ,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, an envelope containing written statements describing Individuals D and E's reasons for seeking asylum in the United States, that envelope being sent to LSI at 7047 W. Addison, Chicago, Illinois 60634;

In violation of Title 18, United States Code, Section 1341 and 2.

## COUNT FIVE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.    On or about July 28, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

JAROSLAVA KLEPLOVA and
KRZYSZTOF RADZEWICZ,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, an envelope containing written statements describing Individuals F and G's reasons for seeking asylum in the United States, that envelope being sent to LSI at 7047 W. Addison, Chicago, Illinois 60634;

In violation of Title 18, United States Code, Section 1341 and 2.

## COUNT SIX

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 13 of Count One of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about August 13, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

JAROSLAVA KLEPLOVA and
KRZYSZTOF RADZEWICZ,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, an envelope containing written statements describing Individuals H and I's reasons for seeking asylum in the United States, that envelope being sent to defendant RADZEWICZ at 7047 W. Addison, Chicago, Illinois 60634;

In violation of Title 18, United States Code, Section 1341 and 2.

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.      The allegations contained in Counts One through Six of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      As a result of their violation of Title 18, United States Code, Section 1341, as alleged in the foregoing Indictment,

JAROSLAVA KLEPLOVA and
KRZYSZTOF RADZEWICZ,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3.      The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to:

      (a)      all money and other property that constitutes or derived from the proceeds of the fraudulent transactions, and was obtained directly or indirectly, as a result of said transactions.

4.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

      (a)      Cannot be located upon the exercise of due diligence;

      (b)      Has been transferred or sold to, or deposited with,

12

a third party;

(c)     Has been placed beyond the jurisdiction of the Court;

(d)     Has been substantially diminished in value; or

(e)     Has been commingled with other property which cannot
        be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions

of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code,

Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

13